IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

CENTRAL DIVISION

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) Case No. 2:07-CR-149TS
DANNY LEO, )
Defendant. )
____________________________)

BEFORE THE HONORABLE TED STEWART

--------------------------------

July 19, 2007

Change of Plea

REPORTED BY: Patti Walker, CSR, RPR, CP
350 South Main Street, #146, Salt Lake City, Utah 84101

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | Stanley Olsen, AUSA<br>185 South State Street, #300<br>Salt Lake City, Utah 84111 |
| For Defendant: | James Garrett<br>GARRETT & GARRETT<br>2091 East 1300 South, #201<br>Salt Lake City, Utah 84108 |

SALT LAKE CITY, UTAH; THURSDAY, JULY 19, 2007; 2:00 P.M.

PROCEEDINGS

THE COURT: We are here today in the case of United States of America vs. Danny Leo, case 07-CR-149. We have representing the United States Mr. Stan Olsen and on behalf of the defendant Mr. Jim Garrett.

Mr. Garrett, I am informed that Mr. Leo is applying to the Court to enter a guilty plea pursuant to a plea agreement; is that correct?

MR. GARRETT: That is correct, Your Honor.

THE COURT: Would you like to come forward to the podium accompanied by Mr. Leo?

MR. GARRETT: Yes, Your Honor.

THE COURT: Mr. Leo, would you please raise your right hand and Ms. Malley will administer the oath to you.

DANNY LEO,

Having been duly sworn, was examined

and testified as follows:

THE COURT: Mr. Leo, do you understand that you are now under oath and that if you were to answer any of the questions that I am about to ask you falsely, that those false or untrue answers could be used against you in a separate prosecution for either perjury or making a false statement?

THE WITNESS: Yes, sir.

THE COURT: What is your full and true name?
THE WITNESS: Danny Leo.
THE COURT: How old are you, Mr. Leo?
THE WITNESS: Thirty-one.
THE COURT: How far did you go in school?
THE WITNESS: Sixth grade.
THE COURT: Mr. Leo, do you have any physical or mental disabilities that would interfere with your ability to understand what is happening here today or to think clearly today?
THE WITNESS: No, sir.
THE COURT: Are you currently or have you recently been under the care of either a doctor or a psychiatrist?
THE WITNESS: No, sir.
THE COURT: Have you ever been treated or hospitalized for any mental illness or any type of addiction?
THE WITNESS: No, sir.
THE COURT: In the past 24 hours have you taken any medicine, pills, drugs, or have you drunk any alcohol?
THE WITNESS: No, sir.
THE COURT: Is your mind clear today?
THE WITNESS: Yes, sir.
THE COURT: Do you understand what is happening here today?

THE WITNESS: Yes, sir.

THE COURT: Mr. Leo, has anyone threatened you or forced you to plead guilty or to enter into the plea agreement?

THE WITNESS: No, sir.

THE COURT: Has anyone promised you something that is not contained in the plea agreement?

THE WITNESS: No, sir.

THE COURT: Have you had the opportunity to fully discuss the charges against you in the indictment as well as your case in general with Mr. Garrett, your attorney?

THE WITNESS: Yes, sir.

THE COURT: Are you fully satisfied with the counsel and the advice that Mr. Garrett has given you?

THE WITNESS: Yes, sir.

THE COURT: Are you satisfied that he has represented you well?

THE WITNESS: Yes, sir.

THE COURT: Mr. Leo, do you understand that you should plead guilty only because you are in fact actually guilty and not for any other reason?

THE WITNESS: Yes, sir.

THE COURT: Under the Constitution and the laws of the United States, you do have the right to continue to prevail in your not guilty plea, in which case you would

then proceed to a trial where a jury would determine your guilt or innocence. If you did so, you would have certain rights, and those rights are set out in the plea agreement in paragraph 6 in some detail. Have you reviewed those rights with Mr. Garrett?

THE WITNESS: Yes, sir.

THE COURT: Do you understand the rights that you would have if you were to go to trial?

THE WITNESS: Yes, sir.

THE COURT: Do you have any questions about those rights?

THE WITNESS: No, sir.

THE COURT: Mr. Leo, do you understand that if you do plead guilty here today, that you will be giving up or waiving those rights in that you will not have a trial but rather a judgment of guilty will be entered against you here today based upon your guilty plea?

THE WITNESS: Yes, sir, I understand.

THE COURT: In addition to the rights that are listed in the plea agreement, it's important that you understand that before we're through here today I will have to ask you what you did so that I can be satisfied that you are actually guilty of the crime that you are pleading guilty to, so you will have to acknowledge your guilt and you will have to give up your right not to incriminate

yourself. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Do you understand that you can change your mind right now and refuse to enter a plea of guilty?

THE WITNESS: I understand, sir.

THE COURT: Do you still wish to go ahead, Mr. Leo?

THE WITNESS: Yes, sir.

THE COURT: Mr. Leo, did you receive a copy of the indictment, that is the written charges pending against you?

THE WITNESS: Yes, I did.

THE COURT: Have you read the indictment?

THE WITNESS: Yes.

THE COURT: Have you discussed it with Mr. Garrett?

THE WITNESS: Yes, we have, Your Honor.

THE COURT: Do you understand that you are charged in the indictment with conspiracy to transport stolen securities in interstate commerce in violation of 18 U.S. Code, Section 2314 and 18 U.S. Code, Section 371? Is that your understanding?

THE WITNESS: Yes, sir.

THE COURT: Mr. Leo, if you were to go to trial in this matter, at that trial the government would have to prove certain things to the jury in order for a jury to find

you guilty of this offense. In the law these things are referred to as the elements of the offense. I am going to ask Mr. Olsen to outline for you the elements of this offense.

Mr. Olsen, if you would, please.

MR. OLSEN: Your Honor, with regard to the elements of this offense, first with regard to conspiracy, it is the act of conspiring and agreeing, two or more persons, and then one or more such persons in such conspiracy doing any act to effect the object of the conspiracy in this particular case.

In addition, the conspiracy was to violate Section 2134 of Title 18, which provides that when one transports or transfers in interstate commerce goods, wares, services, merchandise, securities, or money of a value of $5,000 or more knowing the same to have been stolen and converted or taken by fraud.

So those are the elements of the two offenses, Your Honor, in this case.

THE COURT: Thank you, Mr. Olsen.

Mr. Leo, do you understand the charge against you and what it means?

THE WITNESS: Yes, I do, sir.

THE COURT: Do you understand what the government would have to prove to a jury should you decide to go to

trial?

THE WITNESS: Yes, sir.

THE COURT: Do you also understand that the maximum possible penalty of the crime to which you are pleading guilty is a term of imprisonment of up to five years, a fine of up to $250,000, or both, a term of supervised release of up to three years, and a special assessment in the amount of $100?

THE WITNESS: Yes, sir, I understand.

THE COURT: Mr. Leo, when I use the term supervised release, I am referring to the fact that once you are released from prison, you will be released on certain terms or conditions. If you were to violate any of those terms or conditions, you could be sent back to prison without a jury trial and forced to serve a sentence in excess of the original sentence that you will receive in this case. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: You hesitated. Are you certain you understand?

THE WITNESS: Kind of.

MR. GARRETT: Could you repeat the question, Your Honor?

THE COURT: I mentioned that part of the possible penalty you face is a term of supervised release.

Supervised release means that if you are sentenced to prison in this case, when you are released from that prison you will be released with certain terms or conditions, things that you will have to do, things you cannot do. If you violated those terms or conditions, you could be sent back to prison without there being a jury trial and you could be forced to serve additional time for violating those terms and conditions. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Do you also understand that the crime to which you are pleading guilty is a felony and that if you do plead guilty, you may lose certain civil rights, such as the right to vote, the right to serve on a jury, the right to hold public office, and the right to possess any kind of a firearm? Do you understand that?

THE WITNESS: Yes, sir, I understand that.

THE COURT: I have a copy of the plea agreement. Is the original there in front of you?

MR. GARRETT: Yes, it is, Your Honor.

THE COURT: Mr. Leo, have you read the plea agreement?

THE WITNESS: Yes.

THE COURT: Have you had an adequate opportunity to discuss it with Mr. Garrett?

THE WITNESS: Yes, sir.

THE COURT: Are you confident that you understand the plea agreement?

THE WITNESS: Yes, sir.

THE COURT: Do you have any questions about it?

THE WITNESS: No, sir.

THE COURT: I am going to ask Mr. Olsen to briefly outline the terms of it. The reason I'm doing this is I want you to hear what he understands the agreement to say because I do want to make certain that your understanding and his understanding of the agreement are the same.

Mr. Olsen, if you would, please.

MR. OLSEN: Yes, Your Honor. Thank you.

Your Honor, the substance of the plea agreement is contained in paragraph 13. Throughout the plea agreement, there are, as the Court has already reviewed with the defendant, various rights he's giving up. Paragraph 13 requires, Your Honor, that the defendant enter into this plea agreement by pleading guilty to Count 1 of the indictment.

The further agreement is that based on that plea, the government would recommend that he be given acceptance of responsibility. There is an understanding about the Court's power to impose a sentence and that that will not be grounds for withdrawal of the plea. There is further representation regarding the conduct of the defendant and

that will be disclosed to the sentencing court.

There is an appellate waiver where essentially the defendant gives up his rights to appeal this case.

The government has agreed to recommend the low end of the applicable Sentencing Guidelines.

At the top of page 7 in paragraph sub(f) there is an agreement regarding the restitution, that that will be subsequently determined.

There is a further agreement that Mr. Leo will cooperate with the United States with regard to other potential defendants in this and other cases and on that basis the government might be willing to recommend the 5K treatment.

Finally, Your Honor, there is an agreement with respect to the deferring of sentencing while Mr. Leo's cooperation is obtained, and that should he violate any local, federal or state law, it may be grounds to void this plea agreement.

THE COURT: All right. Thank you.

Mr. Leo, did Mr. Olsen accurately reflect your own understanding of what the plea agreement says?

THE WITNESS: Yes, sir.

THE COURT: Did he leave anything out that you thought should be in the plea agreement?

THE WITNESS: No, sir.

THE COURT: There are two of the provisions I want to stress with you. First, the agreement does provide that you are agreeing to waive your appellate rights. What that means is that unless one of three things happens, you will not be able to appeal the sentence this Court imposes. Those three things are if I impose a sentence in excess of five years, which is the statutory maximum sentence, in that case you could appeal your sentence. If after a presentence report has been compiled and it indicates a guideline range, that means a range of months from a low end to a high end within which your sentence will likely fall, if I impose a sentence in excess of the high end, you could appeal your sentence. Or if the government appeals your sentence, you could as well. But if one of those three things does not happen, you will not have a right to appeal your sentence. Is that your understanding?

THE WITNESS: Yes, sir.

THE COURT: The other thing I want to stress with you is the fact that the government is going to give consideration to making a recommendation for a lower sentence for your substantial assistance. It's important that you keep in mind that such assistance has to be earned -- excuse me, such right for a motion for downward departure based on such assistance has to be earned. And ultimately the only entity here that can decide whether or

not to make a motion for a lower sentence because of your assistance is the government. Mr. Garrett cannot make it, even the Court by itself cannot make it. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Let me ask you again, do you have any questions about the plea agreement?

THE WITNESS: No, sir.

THE COURT: Would you like to sign it?

THE WITNESS: I'm sorry?

THE COURT: Would you like to sign it?

THE WITNESS: Yes.

MR. GARRETT: Your Honor, the record should reflect that the defendant and I have both executed the plea agreement. I'll hand it to counsel to do the same now.

Opposing counsel, Your Honor, has requested that we go through paragraph 14 -- or just after that there is a space here for my client's initials. I will have him initial those now. I can read those to him. We went over them prior, so he knows all about these. I've asked him about it.

THE COURT: What are they again?

MR. GARRETT: They are the no threats or promises have been made or induced him to enter the plea. There are spaces for his initials.

THE COURT: I see.

MR. GARRETT: Counsel has just requested my client initials those.

THE COURT: That would be appropriate.

MR. GARRETT: Your Honor, we have executed the agreement. I will hand that up.

THE COURT: All right. Thank you.

Mr. Leo, I mentioned to you earlier that before I could accept a guilty plea, I would need you to tell me what you did because I have to be satisfied that you are actually guilty of the crime that you are pleading guilty to. I would like to handle this by simply reading to you the fact statement that is contained in the plea agreement you just signed. After I've read to you the fact statement, I'll ask you whether or not it is a completely true statement. All right?

THE WITNESS: Okay.

THE COURT: It reads that in early February of 2007, you were in Phoenix, Arizona, and you were contacted by Dino Nick Mitchell regarding selling or disposing of some stolen U.S. Savings Bonds in the possession of individuals that you later learned were Johnny Raymond, Tony Joe Veno, and Tony Mitchell. You agreed to help them find out if they could be sold.

On February 14th, 2007, you mailed three of the

bonds to a friend in Chicago, who was going to advise you regarding the value of the bonds and whether they could be sold. All five of you then drove from Phoenix to Sacramento, California, where the rest of the bonds were being stored.

On February 18th, 2007, you left by train from Sacramento heading for Chicago with a purpose of selling the bonds there. You knew that the bonds were with you when you left the train in Helper, Utah, and your luggage was searched.

Is that a completely true statement?

THE WITNESS: Yes, sir, it is.

THE COURT: Mr. Garrett, do you know of any valid defense that would prevail at trial or do you know of any reason why Mr. Leo should not be permitted to plead guilty?

MR. GARRETT: I don't, Your Honor.

THE COURT: Mr. Leo, as I've already mentioned, you understand that your sentence will be based, at least in part, on the Federal Sentencing Guidelines, and part of that process will be the calculation of the guideline range within which your sentence will likely fall. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Do you also understand that once that guideline range has been determined, that I do have the

authority to depart from the range and I can impose a sentence that is either higher or lower than that suggested by the guidelines?

THE WITNESS: Yes, I understand that.

THE COURT: Do you understand, Mr. Leo, that the sentence you receive might be different from what you expect it to be?

THE WITNESS: Yes, sir.

THE COURT: This is important. Once the Court has accepted your guilty plea, and that is something that is expected is going to happen in just a few minutes, thereafter you will remain bound by your guilty plea and you will not be allowed to withdraw that plea even if the sentence that I impose upon you is longer than you expect. Do you understand that?

THE WITNESS: I understand that.

THE COURT: Do you also understand that if you are sentenced to prison, you will not be released earlier on parole because in the federal system there is no parole?

THE WITNESS: I understand that.

THE COURT: Finally, as a general rule you would have a right to appeal the sentence I impose, but because of the plea agreement that you just executed and the waiver of appellate rights that it contains, your right to appeal is severely limited. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: Mr. Leo, having now been reminded of the rights you do have but that you will be giving up or waiving if you do plead guilty, and also being reminded of the maximum possible penalty for the crime that you will be pleading to, is it still your intention to plead guilty here today?

THE WITNESS: Yes, sir.

THE COURT: How do you plead to the charge that is contained in Count 1 of the indictment, that is that you did violate 18 U.S. Code, Section 2314 and 18 U.S. Code, Section 371, conspiracy to transport stolen securities in interstate commerce, guilty or not guilty?

THE WITNESS: Guilty.

THE COURT: Mr. Leo, are you pleading guilty voluntarily and of your own free will?

THE WITNESS: Yes, sir.

THE COURT: It is the finding of the Court in the case of the United States of America vs. Danny Leo that the defendant is competent and capable of entering an informed plea, that his plea is entered knowingly and voluntarily, that he knows his rights and he has waived those rights, that he is aware of the nature of the charges against him and the consequences of the plea, and that the plea is supported by an independent basis in fact containing the

essential elements of the offense. The plea is therefore accepted and the defendant is adjudged guilty of the crime pleaded to.

Mr. Leo, the next step in this process is for the probation office to prepare a presentence report to assist me in sentencing you. As a part of that process, you will be interviewed by a probation officer. That probation officer is Ms. Wendy White, who's sitting on the front row of the courtroom. When she interviews you, it is important that you cooperate with her and that you do provide her truthful and complete answers to the questions she asks. You have the right to have Mr. Garrett there when you are interviewed. You will be able to see the presentence report and if do not believe that it is accurate, you will be able to challenge those inaccuracies, and you will also have an opportunity to speak on your own behalf before you are sentenced in this case.

I understand, counsel, you have agreed to a sentencing date of the 16th of October at two o'clock; is that right?

MR. GARRETT: Yes, Your Honor.

MR. OLSEN: Yes, Your Honor.

THE COURT: The Court would further note that the defendant is currently under pretrial supervision. And the report the Court has received does indicate that he's in

full compliance. Is there any reason why he cannot continue on that status, Mr. Olsen?

MR. OLSEN: No, Your Honor. We would recommend that.

THE COURT: Mr. Leo, I will allow you to continue under pretrial supervision. Again, you are subject to terms and conditions. It's important that you remember that if you violate any of those terms or conditions, it could subject you to being immediately arrested and detained. You understand that, don't you?

THE WITNESS: Yes, sir.

THE COURT: Is there anything else today, counsel?

MR. GARRETT: Nothing further, Your Honor.

MR. OLSEN: No, Your Honor. Thank you.

THE COURT: Thank you.

We'll be in recess.

(Whereupon, the proceeding was concluded.)

C E R T I F I C A T E

I hereby certify that the foregoing matter is transcribed from the stenographic notes taken by me and is a true and accurate transcription of the same.

PATTI WALKER, CSR-RPR-CP DATED:
Official Court Reporter
350 South Main Street, #146
Salt Lake City, Utah 84101
801-364-5440